In the Matter of DEMERALD H. WILLIAMS, an Attorney, Respondent.

First Department, November 3, 1933.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Pope B. Billups*, for the respondent.

FINCH, P. J.   Respondent was admitted to practice as an attorney and counselor at law in the State of New York on April 5, 1926, at a term of the Appellate Division of the Supreme Court of the State of New York, First Department.

By the petition herein he is charged with professional misconduct as hereinafter set forth in the finding of the referee.

The respondent answered, and the matter was referred to a referee to take testimony and report to this court with his opinion. The motion is to confirm the report of the referee.

The following facts are undisputed: On January 25, 1931, Benjamin Olivus Liscombe, an infant, was run over by a taxicab and sustained personal injuries. The respondent was retained by Martha Liscombe, the mother and guardian *ad litem*, to collect damages for the personal injuries to the infant. Actions were instituted by the respondent on behalf of the infant and his mother. These actions were settled for the sum of $200 in the infant's action, and $50 in the action brought on behalf of the mother. Checks for these amounts were received by the respondent and on the twenty-seventh day of May he presented them to Mrs. Liscombe with the request that she indorse them over to him. Respondent cashed these checks May 28, 1932. June first Mrs. Liscombe called at the office of the respondent but he was not in, and she called there again on June second and third, with like result. On June second the respondent left a card under the door of the house of Mrs. Liscombe saying that he was sorry to have missed her and would be at his office in the evening following. The following day the respondent called on Mrs. Liscombe. The conversation at that time is a matter in dispute. Mrs. Liscombe testified that the respondent stated that he had not yet drawn the money out but would draw it that afternoon and bring her the money on the following Saturday. The respondent testified he informed Mrs. Liscombe that the checks would clear in a day or two and that he would bring her the money on the following Monday. As noted, the respondent already had received the cash for the checks on May twenty-eighth. Not receiving the checks on Monday, Mrs. Liscombe, on June sixth, obtained a summons for the respondent to appear in the Magistrate's Court on June tenth. This summons was not served upon the respondent but left with his wife. He failed to appear. On June eleventh Mrs. Liscombe complained to the Association of the Bar of the City of New York and on the same day sent the respondent a letter by registered

mail, which was returned unopened. Nothing further was heard from the respondent by Mrs. Liscombe until August 8, 1932, when she received a letter from the wife of the respondent asking her to call at the office of Dr. W. Ewart Davis, in One Hundred and Thirty-sixth street. There Mrs. Liscombe found Dr. Davis, Mr. Parker of the Urban League and Mrs. Williams, the respondent's wife. Mrs. Williams gave Mrs. Liscombe thirty-five dollars, and stated that the respondent was sick in the country, further stating that if he did not come in she would try to pay the balance in a week. On August 12, 1932, Mrs. Williams again asked Mrs. Liscombe to call at the office of Dr. Davis. Mrs. Liscombe did so and found the respondent present. The latter expressed his regret that the matter had taken such a course, and explained that it was because he had been sick in the country. He then paid her the balance due.

Upon the hearings before the referee the respondent testified that, having no bank account of his own, his custom was to have a friend indorse checks received in settlement of claims and respondent would hold the proceeds until he was certain the checks had cleared before turning the money over to his clients. The respondent testified that, in accordance with this custom, he was holding intact the money received in settlement of the claim of Mrs. Liscombe with the intention of turning it over to her on Monday. That the Sunday preceding, while respondent was visiting at the home of a friend named Hilkiah Craig, at Manhasset, Long Island, he was taken ill, and handed to Craig the envelope containing the money to be delivered to the respondent. Craig testified as to the receipt of $210, which he testified the respondent counted out from a roll of bills, but stated that all he could understand from the respondent was " something about Olives." Accordingly, he testified he delivered the money to Mrs. Williams, stating the respondent had said, " you get some olives or get something or olives." Mrs. Williams corroborated the receipt of the money as testified by Mr. Craig, and stated she had used most of it for her household expenses.

In support of the defense of the respondent, Dr. Davis testified that he had known the respondent twelve to fourteen years and had treated him since the early part of 1900 for high blood pressure and neurasthenia. The respondent acted as his attorney in a number of matters, and he kept no account of the transactions between himself and the respondent, sending him no bills. He further testified that on Monday, June 6, 1932, Craig called at his office and took him out to Manhasset, where he found the respondent in pretty bad shape, somewhat incoherent and his

mind almost unbalanced, and prescribed for him bromide tablets and rest. He visited the respondent again on June tenth, but not again. Two or three weeks later respondent came to his office and thereafter continued to improve.

Dr. Davis was requested to produce at the adjourned hearing his card containing the record of the respondent's case. At the next hearing he produced a card containing the name, age, address, occupation and telephone number of the respondent and the date February 2, 1930, all of which the doctor testified he wrote upon the card on February 2, 1930. Following the printed word " History," there was written by the doctor the following: " 2/19/30, pains in head, dizziness, constipation, pressure in head, pains in back, lassitude, insomnia." Then follows the printed word " Examination," after which the doctor had entered: " 2/19/30-PP 75–170/95, pain and tenderness in back." Then follows the printed word " Hypertension." It was admitted by the doctor that everything following the words " History," " Examination " and " Diagnosis " was placed upon the card by him after he had last testified before the referee. He stated this information was derived from memoranda in his office which he had destroyed after copying the entries on the card, and, therefore, was unable to produce. The card further contained entries of ten separate treatments of the respondent between February 2, 1930, and June 5, 1932, which the doctor testified had been placed by him upon the card upon the respective dates.

It was subsequently developed by the petitioner that the card in question could not possibly have been printed before November, 1931, when the company that printed the same first commenced business. Further, that cards similar to the one in evidence were not sent to Dr. Davis until March, 1932. No attempt was made on behalf of the respondent to refute or explain the aforesaid.

From the foregoing, and other inconsistencies and discrepancies in the testimony of respondent and his witnesses, it is apparent that the respondent has attempted to build up a defense which may be characterized as obviously fictitious. The respondent has thus aggravated his original offense, and in a measure counteracted the mitigating feature of restitution.

The respondent should be suspended from practice for one year, with leave to apply for reinstatement at the expiration of that period, upon proof of compliance with the terms to be incorporated in the order.

MARTIN, O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Respondent suspended for one year.